UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NEW HAMPSHIRE INDEMNITY CO. INC.,

    Plaintiff,

vs.                                                                      Case No.  3:05-cv-1280-J-12MCR

DONNA REID, etc., et al.,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 40) and Defendants' Motion to Compel Response to Request for Production (Doc. 41), both filed June 15, 2006.  Because procedural grounds mandate denial of these motions, the Court will rule on them before providing Plaintiff a chance to respond.

The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar with and comply with all applicable rules of this Court.  As an initial matter, the Court points out that the type face in both of Defendants' motions is nearly unreadable.  The font does not come close to meeting the mandatory requirement in Local Rule 1.05  that the motion shall be typed in at least 12 point type.[1] The Court was tempted to deny these Motions for this reason alone, however, after

---

[1] While these Motions may have originally been typed in 12 point font, the Court notes that they appear to be either faxed copies or have been altered in a way that makes the font very small and difficult to read.  Moreover, the wording on each page only takes up about half of the full page, resulting in blank space on the remaining half of the page.

noting the 3.01(g) statements, or lack thereof, the Court will deny these Motions for a second reason.

In its Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 40), Defendant states that they have not "attempted to comply with local rule 3.01(g) because this Motion is directed to a non-party that is not represented by counsel for the opposing party." (Doc. 40, p. 8).  Local Rule 3.01(g) states:

> [b]efore filing a motion in a civil case, *except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action,* the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion . . . ."

(emphasis added).  Notably, the rule does not exclude motions to compel, even when the movant seeks to compel discovery from a non-party who is not represented by opposing counsel.  Thus, Defendants continue to have a duty to confer with opposing counsel before filing a motion to compel.  In fact, it is conceivable that opposing counsel already has the information Defendants' seek or a more convenient way of obtaining such information.

Additionally, the Court would like to point out that Fed. R. Civ. P. 26(b) limits discovery when it is obtainable from some other source that is more convenient, less burdensome, or less expensive.  After a mere glance at Defendants' motion, the Court offers Defendants some practical advice without meaning to infer any opinion on the substance of their Motion:  If Defendants can obtain the information, or substantially similar information, from one of its own clients or another party, then it should attempt to

obtain such information from those sources before filing a motion asking to compel a nonparty to produce discovery.

With regard to Defendants' Motion to Compel Response to Request for Production (Doc. 41), the Court again notes Defendants' failure to discuss such motion with opposing counsel. Although Defendants certify they have attempted to communicate with opposing counsel by letter, Local Rule 3.01 (g) requires more effort.

Notably, Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion to compel "in a good faith effort to resolve the issue." If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion that certifies he has conferred with opposing counsel and the parties could come to no resolution. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000). Thus, Defendants' counsel's attempt at communicating with Plaintiff's counsel via letter is insufficient. Moreover, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith
> conference before any discovery motion is filed, is strictly
> enforced. Many potential discovery disputes are resolved
> (or the differences narrowed or clarified) when counsel
> confer in good faith.

Middle District Discovery (2001) at 20.

Although it appears Defendants made a minimal effort (i.e., they sent Plaintiff's counsel a letter on June 9, 2006, and filed this motion on June 15, 2006, without providing Plaintiff sufficient time to respond) to communicate with Plaintiff regarding these issues before filing this motion, conspicuously absent from Defendants' Motion is the fact that they have made any other attempts to communicate with Plaintiff's counsel regarding their objections to Defendants requests for production before determining it was necessary to move to compel.  Such communication should be the first action taken by a party before requesting a court to resolve its disputes.

Local Rule 3.01(g) also states, "[a] certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.  The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion."  Typically, the Court would wait for Defendants' supplemental statement before making a ruling on their motions, however, in this case because both motions contain nearly microscopic font, combined with the fact that Defendants have made one insufficient attempt to resolve the issues which are the subject matter of one of the motions and no attempt to confer with Plaintiff on the other motion, the Court will deny both motions, without prejudice.

The Court urges the parties to communicate in a reasonable manner with one another before running to this Court to resolve its disputes.  Such Court filings could

perhaps be avoided if counsel for all parties would speak with each other.   The parties are cautioned to comply with all rules of the Court in future rulings.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendants' Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 40) is **DENIED**, **without prejudice.**

2. Defendants' Motion to Compel Response to Request for Production (Doc. 41) is **DENIED**, **without prejudice**.

3. If, after the parties confer, Defendants still seek information which they believe to be relevant and which is not obtainable through another more convenient source, then they may refile either or both of their motions to compel.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of June, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record