UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NEW HAMPSHIRE INDEMNITY COMPANY,
INC.,

    Plaintiff,

vs.                                      Case No.  3:05-cv-1280-J-12MCR

DONNA REID, etc., et al,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the following motions:  Defendants' Amended Motion to Compel Response to Request for Production (Doc. 43) filed June 26, 2006; Defendants' Amended Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 44) filed June 30, 2006; Defendants' Emergency Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 46) filed July 11, 2006; Plaintiff's Motion for leave to File Supplemental Pleading to its Objection to Defendants' Emergency Motion (Doc. 50) filed July 17, 2006; Plaintiff's Motion for Protective Order (Doc. 51) filed July 18, 2006; and Defendants' Amended Motion for Leave to File Reply to Plaintiff's Objection to Defendants' Emergency Motion and Motion for Protective Order (Doc. 57) filed July 20, 2006.  The Court held a hearing on July 18, 2006 on Defendants' Emergency Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 46).  In this hearing, the parties also addressed Defendants' Amended Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 44), as well as Plaintiff's Motion for Protective

Order (Doc. 57).

## I. Background

On October 26, 2005, Plaintiff filed a complaint for declaratory relief asking the Court, *inter alia,* to determine an insurance coverage issue stemming from Plaintiff's issuance of a Personal Automobile Insurance Policy (the "Policy") to Jeffrey B. Anderson, Sr. ("Jeffrey Sr."). (Doc. 1). Specifically, Plaintiff seeks to determine whether it has any obligation to pay a money judgment award in the amount of $6.5 million dollars against Jeffrey B. Anderson, Jr. ("Jeffrey Jr.") from a wrongful death suit over a vehicular accident involving the death of two passengers. The dispositive question underlying this litigation is whether Jeffrey Jr., the driver of the vehicle involved in the accident, was covered as an insured by his father's Policy on January 5, 2000.

It is undisputed that Jeffrey Jr. was not a Named Insured under the Policy. The issue before this Court is whether Jeffrey Jr. was covered as a "family member" under the Policy. "Family member" is defined by the Policy as "a person related to you by blood, marriage, or adoption who is a resident of your household. This includes a ward or foster child." (Doc. 1-2, p. 3). The term "resident of your household" is not defined by the Policy.

The parties dispute whether Jeffrey Jr. was a resident of Jeffrey Sr.'s household. It is undisputed, however, that Jeffrey Jr. was not living at the same residence as that of his parents, Jeffrey Sr. and Christine Anderson, on the date of the accident. Rather, he was living in an apartment duplex owned by his parents. Defendants argue although Jeffrey Jr. was not living with his parents at the time of the accident, he was still a "family member" because his parents financially supported him. It is unclear whether

2

Jeffrey Jr. paid rent to his parents, and if so, how much.

As noted above, Defendants have filed several motions to compel the production of documents and deposition testimony. Plaintiff has filed a Motion for a Protective Order. The Court will address each of these motions below.

## II. Discussion

### A. Defendants' Motions to Compel

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731. The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

### 1. Defendants' Amended Motion to Compel Response to Request for Production

Defendants filed their Amended Motion to Compel Response to Request for Production (Doc. 43) on June 26, 2006. Defendants seek to compel Plaintiff to provide:

> copies of any applications, renewal applications, renewal notices, cancellation notices, declarations, policies, endorsements or any other documents that establish the terms and conditions of any motor vehicle insurance with [Plaintiff] that were ever in effect for Christine Anderson, Jeffrey Anderson Sr., and/or Jeffrey Anderson Jr.

(Doc. 43, p. 2.). Plaintiff objected to this request to produce based on its belief that such request was irrelevant and immaterial to this action. Id. Plaintiff contends these documents have no bearing on whether Jeffrey Jr. was a resident of his parents household on January 5, 2000, because this date -- the date of the accident -- is nine months after the policy went into effect. (Doc. 48, p. 5).

The Court agrees with Defendants that these documents may be relevant to whether Jeffrey Jr. was included on Jeffrey Sr.'s application as a "family member," a dependent, or a member of the household at the time Jeffrey Sr. applied for his Policy. See e.g. Federated American Ins. Co. v. Childers, 608 P.2d 584 (Or. Ct. App. 1980) (noting insured listed his son as a resident of his household on insurance application and finding this fact relevant to whether son was included on policy as a "resident of the same household" as insured). If, for instance, Jeffrey Jr. was included on the application, then Plaintiff would no doubt have taken this fact into consideration when computing Jeffrey Sr.'s insurance premiums. The Court, however, notes Defendants seek applications, renewal applications, etc., that *were ever in effect.* This request is overly broad. Thus, the Court will grant the motion to compel with respect to this request but will limit it by requiring Plaintiff to produce any documents requested that relate to the relevant Policy -- the Policy effective from April 9, 1999, through April 9, 2000.

Defendants also seek to compel Plaintiff to produce copies of excerpts from:

4

> any claims manuals, standard operating procedures, memoranda, notebooks, or any other documents of any kind that relate in any way to Plaintiff's guidelines or policies as it relates to the meaning or interpretation of "family member" as used in [Plaintiff's] motor vehicle policies. This request is for documents that would have been in effect or otherwise utilized from 1997 to the present.

(Doc. 43, p. 3). Plaintiff objected to this request on various grounds, including: confidential and proprietary business information trade secrets; work product privilege; irrelevance; and because the request was overly-broad and unduly burdensome. Plaintiff further contends that because the Policy is a contract, the construction and effect of the contract's terms should be decided by the Court. (Doc. 48, p. 6). It argues, "[o]rdinary rules of construction require [the Court], first, to assess the natural or plain meaning of the policy language at issue." Id. (citing Valiant Ins. Co. v. Evonosky, 864 F. Supp. 777 (M.D. Fla. 1988)).

The Court agrees with Plaintiff on this point. In Florida, insurance contracts should be construed according to their plain meaning. State Farm Mut. Auto. Ins. v. Reis, 926 So.2d 415, 416 (Fla. 1st DCA 2006). "But when the relevant language of an insurance policy is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the policy is considered ambiguous." Id. Ambiguous language will be construed in favor of the insured and against the drafter. Id. As such, the Court is required to construe the term "family member" by its plain meaning. Any ambiguity will be construed broadly in favor of the insured and without the assistance of any of Plaintiff's claims manuals, handbooks, memoranda, etc. Additionally, the Court is mindful that this request seeks information which is proprietary and confidential and quite possibly, information which is protected

5

by the work product privilege.  As such, Defendants' motion to compel Plaintiff to respond to Defendants' fourth item in their Request for Production is denied.

Thus, the Court finds Defendants' Amended Motion to Compel Response to Request for Production (Doc. 43) **GRANTED in part, and DENIED in part.**

### 2. Defendants' Amended Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization

Defendants filed their Amended Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 44) on June 30, 2006.  In this Motion, Defendants ask this Court to compel Christine Anderson to sign an authorization for the purpose of allowing Defendants to obtain her tax returns.  Defendants additionally request this Court to compel Ms. Anderson to identify the bank(s) at which she had accounts during the years 1998 through 2000.

At the July 18 hearing, Defendants' counsel conceded this Motion was moot.  Because Defendants' counsel has already received copies of Ms. Anderson's tax returns and various private financial records, albeit improperly as discussed below, the Court finds Defendants' Amended Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 44) is **DENIED as moot.**

### 3. Defendants' Emergency Motion for Leave to Take Continued Deposition of Christine Anderson

Defendants filed their Emergency Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 46) on July 11, 2006.  Plaintiff filed its opposition to this Motion (Doc. 49) on July 17, 2006.  On July 17, 2006, Plaintiff also filed a Motion for Leave to File Supplemental Pleading to its Objection to Defendants' Emergency Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 50).  Defendants

filed their Amended Motion for Leave to File Reply to Plaintiff's Objection to Defendants' Emergency Motion and Motion for Protective Order (Doc. 57) and their Amended Reply to Plaintiff's Objection to Defendants' Emergency Motion and Motion for Protective Order Relating to Claim of Accountant Privilege (Doc. 58) on July 20, 2006.   The Court held a hearing on Defendants' Emergency Motion (Doc. 46) on July 18, 2006, and heard oral argument from both parties.

As an initial matter, the Court has reviewed Plaintiff's Supplemental Motion (Doc. 50) and has questioned both parties regarding the facts set forth in the affidavit attached to the Motion; as such, the Court finds Plaintiff's Motion for Leave to File Supplemental Pleading should be **GRANTED.**  The Court also **GRANTS** Defendants' Amended Motion for Leave to File Reply to Plaintiff's Objection to Defendants' Emergency Motion and Motion for Protective Order (Doc. 57).

In Defendants' Emergency Motion (Doc. 46), Defendants request this Court grant them leave to take a continued deposition of non-party Christine Anderson.  (Doc. 46). The parties previously deposed Ms. Anderson on May 9, 2006.  During the deposition Ms. Anderson testified that Jeffrey Jr. and his roommates each paid rent to her in the amount of $200 per month during the time they rented the apartment complex from her and Jeffrey Sr.  Thus, Ms. Anderson testified she received a monthly income of $600 for the rental property owned by her and Jeffrey Sr.   Defendants have obtained new information via Ms. Anderson's 1999 federal tax return, and the notes attached to her tax return, which now makes them question Ms. Anderson's credibility regarding whether she actually received rent from Jeffrey Jr. during the time he lived in his parents' apartment complex.  Defendants thus filed this Emergency Motion, pursuant to

Fed. R. Civ. P. 30, for the purpose of redeposing Ms. Anderson so that Defendants' counsel may have an opportunity to attack her credibility.

Rule 30(1)(2) of the Federal Rules of Civil Procedure provides: "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles set forth in Rule 26(b)(2) . . .if, without the stipulation of the parties . . . (B) the person to be examined already has been deposed in the case." If the Court finds that the discovery ought to be limited for any of the reasons set forth in Rule 26(b)(2), then it may deny the motion. Fed. R. Civ. P. 30 (2006). While it is within this Court's discretion to grant Defendants leave of court pursuant to Rule 30, we lack jurisdiction to order Ms. Anderson to be re-deposed.

The Court finds the information Defendants seek to determine in re-deposing Ms. Anderson -- whether Jeffrey Jr. paid his parents rent around the time of his vehicular accident -- relevant. Florida law demonstrates that the question of whether Jeffrey Jr. can be considered a resident of Jeffrey Sr.'s household under the relevant Policy is not as clear cut as one might think. Rather, the relevant inquiry is factually intensive, and several Florida courts have held that individuals who did not reside under the same roof as their parents, during the relevant time period in question, were nevertheless considered residents of the household under insurance policies. See e.g., Dwell v. State Farm Mutual Auto. Ins. Co., 839 So. 2d 897 (Fla. 1st DCA 2003); Row v. United Services Auto. Assoc., 474 So. 2d 348 (Fla. 1st DCA 1985).

One of the critical inquiries with respect to this analysis is whether the individual is dependent upon the Named Insured, financially and/or mentally. Therefore, whether Jeffrey Jr. paid rent to his parents is relevant to the issue of whether he was financially

8

dependent on his parents, which in turn is relevant to the issue of whether Jeffrey Jr. fits within the definition of a "family member" under the Policy.

The Court further finds, however, that Defendants' counsel improperly obtained Ms. Anderson's tax returns and private banking documents with clear disregard for the rules of civil procedure. Notably, Defendants' counsel wholly ignored the fact that he filed a motion to compel seeking the exact documents he later subpoenaed from Ms. Anderson's accountant and various banks. As an officer of the Court, and one who is admitted to practice in federal court, Defendants' counsel should be aware that the Federal Rules of Civil Procedure set forth the proper procedure for obtaining documents when discovery of such documents is contested. As Defendants' counsel testified in the July 18th hearing, he was aware that both Ms. Anderson and Jeffrey Sr. expressly objected to him obtaining these documents. Moreover, the fact that Defendants' motion to compel was pending before this Court, during the time he issued several subpoenas and/or obtained the requested documents, demonstrates to this Court that Defendants' counsel disregarded the proper procedures under the law.

The Federal Rules of Evidence also mandate that Florida privilege law applies in this matter. Fed. R. Evid. 501. Although federal income tax returns are generally not subject to any privilege, Florida law recognizes an accountant-client privilege. See Fla. Stat. §§ 473.316, 90.5055; see also Deloitte Haskings & Sells v. Southern Finance Holding Corp., 566 So. 2d 906 (Fla. 4th DCA 1990); Affiliated of Florida, Inc. v. U-Need Sundries, Inc., 397 So. 2d 764 (Fla. 3d DCA 1981). The account-client privilege protects:

> a client's right to refuse to disclose, and to prevent any other person from

9

> disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client.

Choice Restaurant Acquisition Ltd. v. Whitley, Inc., 816 So. 2d 1165, 1167 (Fla. 4th DCA 2002). The privilege also includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice. Id.

Despite the fact that Florida law recognizes an accountant-client privilege, federal income tax returns are generally not privileged. Cabanas v. Ford, Armenteros, Manucy, Inc., 727 So. 2d 1100, 1102 (Fla. 3d DCA 1999) ("Income tax returns, although not privileged, may be subject to production in discovery, but only if they are relevant."); see also Packer v. Hansen, No. Civ. A. 98-380, 1999 WL 1038343 at * 3 (E.D. Pa. Nov. 12, 1999) ("It is widely recognized, however, that in appropriate circumstances, tax returns are the proper subject of a discovery inquiry, and that there is no privilege against disclosure."). Therefore, this Court has discretion to order Ms. Anderson to produce her relevant tax returns, however, Defendants' counsel did not have authority to obtain such documents from her prior accountant because he knew[1] both Ms. Anderson and Jeffrey Sr. objected to his procuring such documents, thus asserting their accountant-client privilege.

Additionally, the Court has read Ms. Bonnie Jean Thomas' affidavit, filed as part of Plaintiff's Supplemental Response to Defendants' Emergency Motion, which states she objected to producing Ms. Anderson's tax returns and that she only provided such documents based upon Defendants' counsel's actions and statements which lead her to

---

[1] Defendants' counsel testified during the hearing on July 18, 2006, that he knew both Ms. Anderson and Jeffrey Sr. objected to his obtaining the tax returns and financial records.

10

believe he represented Ms. Anderson.  Defendants' counsel testified during the hearing that he affirmatively told Ms. Thomas he did not represent Ms. Anderson.  Despite this factual dispute, the Court finds Defendants' counsel's behavior disturbing due to the fact he repeatedly called Ms. Anderson's previous accountant in an effort to persuade the office to produce the contested records, all the while knowing the Anderson's objected to his obtaining these documents and knowing these documents were the subject of a pending motion to compel.

Finally, the Court notes Florida law provides individuals with a right to privacy in their private financial records.  See <u>Winifield v. Division of Pari-Mutuel Wagering, Dep't of Bus. Regulation</u>, 477 So. 2d 544, 548 (Fla. 1985) ("[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records.").  In fact, Florida Statute § 655.059(2)(b) requires financial institutions to maintain the confidentiality of the accounts and loans of any of its members, depositors, borrowers, or stockholders.   Thus, Ms. Anderson -- a non-party in this matter -- has a recognized privacy interest in her financial records.  Defendants' counsel's actions, in subpoenaing and obtaining such documents despite Ms. Anderson's objections and the pending Motion to Compel, was improper.

During the July 18, 2006 hearing, the Court ordered Ms. Anderson's tax returns and private financial records to be filed under seal.  Moreover, the Court ordered the parties to file supplemental briefs detailing the proper way to proceed when the Court finds relevant documents were obtained improperly.  The Court has considered both

briefs.[2]  As noted above, this Court finds Defendants' counsel's behavior egregious, however, it also cannot overlook the relevance of Ms. Anderson's tax returns.  The Court is hesitant to sanction Defendants and prohibit them from discovering information which may in fact be relevant solely because of their attorney's actions.  As such, Defendants' Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 46) **is Granted.**  Defendants will need to obtain a subpoena from the district court where Defendants plan to take the deposition.  See Fed. R. Civ. P. 45(a)(2)(B).  Notably, the deposition must take place within 100 miles of Ms. Anderson's residence.  Fed. R. Civ. P. 45(c)(3)(A)(ii).

Defendants are authorized to depose Ms. Anderson a second time, however, counsel may only question Ms. Anderson regarding her tax returns for the years 1999 and 2000.  Additionally, in light of Defendants' counsel's egregious behavior in wrongfully obtaining these documents, the Court orders Defendants' counsel to pay for all costs and attorneys' fees associated with the deposition, including both the costs and attorney's fees of Plaintiff's counsel.  The Court is mindful that the discovery deadline is August 1, 2006.  Because this deadline does not provide the parties sufficient time to re-depose Ms. Anderson, the Court sets September 11, 2006, as the deadline for the parties to depose Ms. Anderson.

---

[2]  It should be noted despite the Court's explicit order directing the parties to brief the issue of how to proceed when a party improperly obtains documents which are relevant to a case, Defendants' counsel submitted a brief which continues to argue the documents were not wrongfully obtained by him.  Conspicuously absent from his brief is any information regarding the proper way to proceed when documents are wrongfully obtained.

### B.     Plaintiff's Motion for Protective Order

Plaintiff filed a Motion for Protective Order (Doc. 51) on July 18, 2006.  Plaintiff requests this Court enter a protective order prohibiting the second deposition of Christine Anderson.  Id.  Plaintiff further requests this Court enter an order prohibiting the possession, use, or disclosure of Ms. Anderson's federal income tax returns and private financial records.  Id.  Rule 26 of the Federal Rules of Civil Procedure provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."  Fed.R.Civ.P. 26(c).  One seeking a protective order carries the burden to show good cause.

Defendants object to the requested protective order for several reasons.   First, they argue the accountant, Joe Loguidice and Direct Business Consulting, waived the accountant-client privilege when he produced the documents.  (Doc. 58, p. 2).  Second, they contend Plaintiff waived any argument regarding the federal income tax returns because it served a request for copies rather than initially objecting to Defendants' issuance of the subpoena.  Id. at 3.  Finally, Defendants argue the federal income tax returns are not protected by any privilege.  Id.  Defendants do not address the issue of Ms. Anderson's private financial records in their brief.  Rather, Defendants' counsel stated he reserves the right to respond to Plaintiff's argument that this Court ought to issue a protective order on Ms. Anderson's private financial records.

During the hearing on July 18, 2006, the Court granted Plaintiff's request in part and prohibited Defendants' counsel from using or disclosing Ms. Anderson's federal income tax returns and private financial records.  After considering the parties' briefs,

13

the Court is not persuaded by Defendants' arguments regarding waiver, however, the Court does have the authority to compel Ms. Anderson to produce her federal income tax returns if relevant to an issue before this Court because federal income tax returns are not privileged per se.  Cabanas v. Ford, Armenteros, Manucy, Inc., 727 So. 2d 1100, 1102 (Fla. 3d DCA 1999) ("Income tax returns, although not privileged, may be subject to production in discovery, but only if they are relevant."); see also Men of Destiny Ministries, Inc. V. Osceola County, Florida, No. 6:06-cv-624-Orl-31DAB, 2006 WL 2048288 *1 (M.D. Fla. July 20, 2006) (allowing discovery of tax returns because they were relevant to issues in the case).  As noted above, this Court granted in part Defendants' Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 46) and as such, Plaintiff's Motion for Protective Order (Doc. 51) is **DENIED** with respect to the issues concerning Ms. Anderson's tax returns.

Thus, the sole issue remaining before this Court is whether this Court should grant Plaintiff's request to enter an order prohibiting the possession, use, or disclosure of Ms. Anderson's private financial records.  As noted above, Defendants' counsel, in the Amended Reply to Plaintiff's Objection to Defendants' Emergency Motion and Motion for Protective Order (Doc. 58), attempts to reserve the right to respond to Plaintiff's argument that this Court ought to issue a protective order on Ms. Anderson's private financial records.  This Court does not require Defendants' response, however, because it finds Defendants' counsel did not have the authority to obtain these documents in the first place.

In fact, Plaintiff's argument addressing this issue was in response to Defendants' counsel's improper issuance of subpoenas to various financial institutions requesting

Ms. Anderson's records.  Notably, Defendants' counsel had already issued subpoenas requesting these documents despite the fact he had a motion to compel pending in which he asked the Court to compel Ms. Anderson to identify the banks with which she had accounts during the relevant time period.  Additionally, Defendants' counsel was well aware that both Ms. Anderson and Jeffrey Sr. objected to the production of these documents.

In considering Defendants' counsel's argument that Ms. Anderson's banking records are relevant to demonstrate whether she was telling the truth when she testified she relied on Jeffrey Sr.'s rent to make her monthly budget, the Court finds this fact has no relevance to whether Jeffrey is a "family member" under the Policy.  Stated differently, whether or not Ms. Anderson and Jeffrey Sr. may have required money from their son Jeffrey Jr.  to meet their monthly budget does not make the fact that Jeffrey Jr. may be a "family member" under the Policy more or less probable.  As such, Ms. Anderson's private banking records are irrelevant to the sole issue remaining in this case.  Notably,  during the July 18, 2006 hearing, the Court ordered Defendants' counsel not to utilize any bank records he possesses.  This order should remain in effect and these documents are to remain confidential.  Specifically, Defendants are prohibited from possessing, using, or disclosing Ms. Anderson's private financial records.

The Court finds Plaintiff's Motion for Protective Order is **GRANTED in part, and DENIED in part,** consistent with this Court's order.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Amended Motion to Compel Response to Request for Production (Doc. 43) is **GRANTED in Part and DENIED in Part**. Plaintiff shall provide the information directed in this Court's Order to Plaintiff **on or before August 11, 2006.**

2. Defendants' Amended Motion to Compel Deposition Testimony of Christine Anderson and Execution of Authorization (Doc. 44) is **DENIED as moot.**

3. Plaintiff's Motion for leave to File Supplemental Pleading to its Objection to Defendants' Emergency Motion (Doc. 50) **is GRANTED.**

4. Defendants' Amended Motion for Leave to File Reply to Plaintiff's Objection to Defendants' Emergency Motion and Motion for Protective Order (Doc. 57) is **GRANTED.**

5. Defendants' Emergency Motion for Leave to Take Continued Deposition of Christine Anderson (Doc. 46) is **GRANTED in part.** Defendants are authorized to depose Ms. Anderson a second time, however, counsel may only question Ms. Anderson regarding her tax returns for the years 1999 and 2000. Defendants will have until **September 11, 2006** to conduct the deposition. No other dates set forth in the Case Management Order are affected by this order. Additionally, due to Defendants' counsel's behavior in wrongfully obtaining Ms. Anderson's tax returns, the Court orders Defendants' counsel to pay for all costs and attorneys' fees associated with the deposition, including those of Plaintiff's counsel.

6. Plaintiff's Motion for Protective Order (Doc. 51) is **GRANTED in part and**

**Denied in part,** consistent with this Court's Order**.**

**DONE AND ORDERED** at Jacksonville, Florida this  27th  day of July, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record