UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NEW HAMPSHIRE INDEMNITY COMPANY,
INC.,

    Plaintiff,

vs.                                    Case No.  3:05-cv-1280-J-12MCR

DONNA REID, etc., et al,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion for Leave to Depose CPA Joe Loguidice and Direct Business Consulting and to Clarify Scope of Deposition of Christine Anderson (Doc. 83) filed on September 26, 2006.  Plaintiff filed a response and sought entry of a Protective Order (Doc. 85) on October 10, 2006.

### **I. Background**

This sole issue in this case is whether Defendant, Jeffrey B. Anderson, Jr. ("Jeffrey Jr.") is covered by the Personal Automobile Insurance Policy (the "Policy") issued to Jeffrey B. Anderson, Sr. ("Jeffrey Sr.").  On October 10, 2006, Plaintiff filed a Complaint for Declaratory Relief seeking to determine whether it has any obligation to pay a money judgment award in the amount of $6.5 million dollars against Jeffrey Jr. from a wrongful death suit over a vehicular accident involving the death of two passengers.   Jeffrey Jr. was the driver in the underlying accident.

During discovery the parties sought evidence relevant to whether Jeffrey Jr. was covered as a "family member" under the Policy.  Defendants argue that although Jeffrey

Jr. was not living with his parents at the time of the motor vehicular accident, he was still a "family member" because his parents financially supported him.  If Defendants are able to demonstrate that Jeffrey Jr. was a family member, then coverage may be required under the Policy.

In attempting to prove Jeffrey Jr. was a family member at the time of the accident, Defendants focused in part on whether Jeffrey Jr. paid rent to his parents, and if so, how much.   Apparently, Jeffrey Jr.'s mother ("Ms. Anderson") testified that Jeffrey Jr. paid rent to her in an amount of $200 per month (Doc. 46, p. 4); however, Defendants counsel subsequently obtained evidence[1] which lead him to question Ms. Anderson's credibility.   Specifically, Defendants' counsel obtained Ms. Anderson's tax returns, as well as some handwritten notes, from Ms. Anderson's accountant which may suggest that Jeffrey Jr. did not pay rent to his parents.  Id. at 8.

In June 2006, Defendants filed several motions to compel, including one which sought to re-depose Ms. Anderson.  Plaintiff filed a Motion for a Protective Order.  The Court heard oral arguments on the motions and entered an Order on July 27, 2006. (Doc. 61).  In its Order, the undersigned noted Florida law recognizes an accountant-client privilege, however, it also found that federal tax returns are generally not

---

[1] As this Court has previously noted, Defendants' counsel ignored the Federal Rules of Civil Procedure and improperly gained access to various documents, including Ms. Anderson's tax returns, notes from Ms. Anderson's accountant, and private financial documents.  Defendants' counsel points to this Court's suggestion that he attempt to obtain information relevant to this matter from the parties before involving non-parties and purports to have been following the Court's suggestion when he obtained documents from various private financial institutions and accountants.  It is incumbent upon this Court to inform Defendants' counsel that a suggestion to obtain documents from other parties in the case before resorting to discovery from non-parties is by no means a stamp of approval for the conduct Defendants' counsel instead chose to pursue, i.e., issuing subpoenas to non-parties and subsequently calling such non-parties in an effort to obtain documents, all the while knowing the subpoenas were contested and the subject of a motion to compel.

privileged if they are relevant to issues in the case.  (Doc. 61, pp. 9-10).  Because the undersigned found the tax returns may be relevant on the issue of whether Jeffrey Jr. paid rent to his parents, the Court granted Defendants' motion to take the continued deposition of Ms. Anderson, but limited Defendants' counsel's questioning of Ms. Anderson to her tax returns for the years 1999 and 2000.  Id. at 12. The Court also extended the discovery deadline from August 1, 2006 to September 11, 2006 for the sole purpose of allowing Defendants to re-depose Ms. Anderson.  Id.

Defendants' counsel re-deposed Ms. Anderson on September 6, 2006 in Massachusetts.  Evidently, Defendants' counsel attempted to question Ms. Anderson on the hand-written notes, which are filed under seal in this matter, and which this Court already held were obtained improperly from Ms. Anderson's accountant, Joe Loguidice. Ms. Anderson apparently refused to answer any questions relating to the hand-written notes[2] and repeatedly objected to Defendants' counsel procurement of such documents.  (Doc. 84, pp. 11-15).  Defendants now seek leave from this Court to depose Joe Loguidice regarding the notes.  (Doc. 83, p. 8).  Defendants further request this Court enter an order clarifying whether Ms. Anderson should be compelled to answer questions relating to her handwritten notes.  Id.

Plaintiff objects to Defendants' Motion for Leave to Depose Mr. Loguidice on the basis that it would lead to nothing more than an inappropriate and irrelevant exploration of subject matter protected under the accountant-client privilege.  (Doc. 85, p. 3). Moreover, Plaintiff seeks the entry of a protective order prohibiting Defendants from

---

[2] The hand-written notes are attached under seal in this matter and were referred to as Exhibit 2 in the September 6, 2006 deposition.

3

questioning Ms. Anderson regarding the privileged information contained in the notes provided to Mr. Loguidice in the course of his professional accounting services to Ms. Anderson. Id.

## II. Discussion

### A. Motion for Leave to Depose Joe Loguidice

In the hearing held on July 18, 2006, Defendants' counsel represented to the undersigned that he had issued a subpoena directed to Joe Loguidice for the purpose of taking Mr. Loguidice's deposition on July 27, 2006. At the hearing, the undersigned orally ordered Defendants' counsel to refrain from taking such deposition. The reason for this Court's order preventing Defendants from deposing Mr. Loguidice was because Ms. Anderson had asserted her accountant-client privilege and Defendants had obtained documents from Mr. Loguidice in an improper manner.

As the parties are well aware by now, Florida law recognizes an accountant-client privilege which protects:

> a client's right to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client.

Florida Statutes §§ 90.5055, 473.316; Choice Restaurant Acquisition Ltd. v. Whitley, Inc., 816 so. 2d 1167 (Fla. 4th DCA 2002) (finding that relevancy does not trump the accountant-client privilege). Defendants seek to question Mr. Loguidice and/or Ms. Anderson about these hand-written notes. The notes appear to have been prepared during the course of Mr. Loguidice's rendition of accounting services to Ms. Anderson, as they were being held by Mr. Loguidice in his normal course of business. As such,

these notes are protected by the accountant-client privilege, which Ms. Anderson is authorized to assert and which she has asserted numerous times.   Accordingly, Defendants' Motion for Leave to depose Mr. Loguidice is **DENIED** for the second time.

### B. <u>Motion to Clarify Scope of Ms. Anderson's Deposition</u>

Defendants also seek an order from this Court clarifying whether Ms. Anderson should be compelled to answer questions regarding the hand-written notes.  Notably, the Court found Defendants' counsel's actions egregious with respect to how he obtained the personal documents belonging to Ms. Anderson from Mr. Loguidice, however, it also found that Ms. Anderson's tax returns for the years 1998 and 2000 were likely relevant.  Accordingly, the undersigned authorized Defendants' counsel to re-depose Ms. Anderson but limited his questioning to *her tax returns for the years 1999 and 2000.*   Defendants' counsel was not authorized to question Ms. Anderson regarding the hand-written notes he obtained improperly from Mr. Loguidice; nor was he authorized to question Ms. Anderson concerning her 1998 tax returns.

The purpose of allowing the Ms. Anderson to be deposed a second time was solely for the purpose of permitting Defendants to test Ms. Anderson's credibility.  The Court gave Defendants permission to do so by questioning her regarding her 1999 and 2000 tax returns.  Unfortunately, it appears the parties, along with Ms. Anderson, spent the majority of the deposition arguing over whether questioning of the hand-written notes was permitted.   Discovery in this case ended on September 11, 2006, and the Court will not allow any further discovery in this case.

Because the Court has denied Defendants' Motion for Leave to Depose CPA Joe Loguidice and Direct Business Consulting and has further clarified the scope of Ms.

5

Anderson's deposition, Plaintiff's Motion for Protective Order is **moot.**

Accordingly, it is hereby

    **ORDERED:**

    1.    Defendants' Motion for Leave to Depose CPA Joe Loguidice and Direct Business Consulting (Doc. 83) is **DENIED**.

    2.    Defendants' were not and are not permitted to question Ms. Anderson regarding the hand-written notes obtained by Defendants from Mr. Loguidice's office. As such, the Court has **entered an ORDER** clarifying the scope of Deposition of Christine Anderson.

    3.    Plaintiff's Motion for Protective Order (Doc. 85) **is DENIED as moot.**

    **DONE AND ORDERED** at Jacksonville, Florida this  31st  day of October, 2006.

    *Monte C. Richardson*
    MONTE C. RICHARDSON
    UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record